IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONARD AIKEN, JR., | ) | |
| Petitioner, | ) | Civil Action No. 16-11 Erie |
| | ) | |
| v. | ) | District Judge Barbara Rothstein |
| | ) | Magistrate Judge Susan Paradise Baxter |
| TAMMY FERGUSON, | ) | |
| et. al., | ) | |
| Respondents. | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## **I. RECOMMENDATION**

The petitioner, Leonard Aiken, Jr., is a state prisoner who is in custody pursuant to a judgment of sentence imposed by the Court of Common Pleas of Erie County on April 3, 1987. He has filed a petition for a writ of habeas corpus [ECF No. 5] pursuant to 28 U.S.C. § 2254 in which he challenges that judgment of sentence. The Court may dismiss the petition prior to service if it plainly appears that Aiken is not entitled to habeas relief. 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In the U.S. District Courts. That is the case here because the petition is second or successive and Aiken has not received from the United States Court of Appeals for the Third Circuit an order authorizing this Court to consider it, as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, it is respectfully recommended that the petition be summarily dismissed for lack of jurisdiction and that a certificate of appealability be denied.

## **II. REPORT**

### **A. Discussion**

In May 1986, Aiken was tried in the Court of Common Pleas of Erie County on charges of criminal homicide and related crimes at the court's criminal docket case numbers 1286 of 1985 and 1287

1

of 1985. [ECF No. 5, ¶¶ 1, 2(a)]. On April 3, 1987, the court sentenced Aiken to a term of imprisonment of "plus 9 ½-19 years." [ECF No. 5, ¶¶ 2(b), 3].

In December 2002, Aiken filed with this Court a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged his judgment of sentence imposed by the Court of Common Pleas of Erie County's criminal docket case numbers 1286 of 1985 and 1287 of 1985. That habeas case was docketed as Aiken v. Johnson, et al., No. 1:02-cv-367 (W.D. Pa.). This Court subsequently dismissed it as untimely under the applicable statute of limitations, which is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). See ECF Nos. 10, 13 in Aiken, No. 1:02-cv-367. On July 28, 2004, the Court of Appeals for the Third Circuit issue an order in which it denied Aiken's request for a certificate of appealability because it agreed with this Court that his habeas petition was not timely filed. See ECF No. 16 in Aiken, No. 1:02-cv-367.

AEDPA also mandates that before a state prisoner may file a second or successive habeas corpus petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). See, e.g., Magwood v. Patterson, 561 U.S. 320 (2010). See also United States v. Winkelman, 746 F.3d 134, 135 (3d Cir. 2014); In re Pendleton, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007).

2

On or around February 26, 2016, Aiken filed with this Court the instant habeas petition pursuant to 28 U.S.C. § 2254. [ECF No. 5]. In it, he once again challenges the judgment of sentence imposed upon him by the Court of Common Pleas of Erie County on April 3, 1987, at that court's criminal docket case numbers 1286 of 1985 and 1287 of 1985. [ECF No. 5, ¶¶ 1, 2, 3]. He acknowledges that he previously filed a federal habeas petition in which he challenged the same conviction that he is challenging in this petition. [ECF No. 5, ¶ 14]. A review of the Court of Appeals for the Third Circuit's docket, which is available on PACER, establishes Aiken has not sought or receive from that court authorization to file a second or successive petition. Accordingly, his petition should be dismissed for lack of jurisdiction. See, e.g., Burton, 549 U.S. at 152-54.

Aiken may file with the Court of Appeals for the Third Circuit an application for authorization to file a second or successive petition. If that court grants his application, he may file another habeas action with this Court at a new docket number.

**B.     Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying that standard here,

3

jurists of reason would not find it debatable whether the instant petition is a second or successive petition. Accordingly, a certificate of appealability should be denied.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be summarily dismissed for lack of jurisdiction and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Aiken is allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  April 18, 2016

cc:     Barbara Rothstein
        United States District Judge

Notice by first class mail to:

    Leonard Aiken, Jr.
    AP-8855
    SCI Benner
    301 Institution Drive
    Bellefonte, PA 16823

    Tammy Ferguson
    SCI Benner Superintendent
    301 Institution Drive
    Bellefonte, PA 16823

    Kathleen G. Kane
    Pennsylvania Office of Attorney General
    16th Floor, Strawberry Square
    Harrisburg, PA 17120

    Jack Daneri
    Erie County District Attorney's Office
    Erie County Courthouse
    140 West Sixth Street
    Erie, PA 16501